JUDGE DANIELS

**18 CV 6640**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDY K. LAL,   an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| NORTHLAND INSURANCE CO., ) | JURY TRIAL DEMANDED |
| PS HANDYMAN, LLC, ) | |
| PATRICK SCOTTO an individual, ) | |
| J.T. SHANNON LUMBER COMPANY ) | |
| INC., d/b/a Shamrock Plank Flooring, ) | |
| and ) | |
| JOHN DOE d/b/a PC Wood Floors ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff, Sandy K. Lal, alleges his complaint against Defendants, Northland Insurance Co., PS Handyman, LLC, Patrick Scotto, J.T. Shannon Lumber Company, Inc. d/b/a Shamrock Plank Flooring, and John Doe d/b/a PC Wood Floors as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is premised upon 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and

continue to occur, within this district. Furthermore, the damage to Plaintiff has occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Sandy K. Lal is an individual residing at 40 East 9th Street, Apt. #3F, New York, NY 10003.

4. Upon information and belief, Defendant Northland Insurance Co. is a Minnesota corporation with a place of business at 385 Washington Street, St. Paul, MN 55102.

5. Upon information and belief, Defendant PS Handyman, LLC is a New York Limited Liability Company with a place of business at 218 Kenilworth Avenue, Staten Island, New York 10312.

6. Upon information and belief, Defendant Patrick Scotto is an individual with an address at 218 Kenilworth Avenue, Staten Island, New York 10312.

7. Upon information and belief, Defendant J.T. Shannon Lumber Company, Inc. d/b/a Shamrock Plank Flooring is a Mississippi corporation with a place of business at 2200 Cole Rd, Horn Lake, MS 38637.

8. Upon information and belief, Defendant John Doe d/b/a P.C. Wood Floors is a company with a business address at 121 31st Street, Brooklyn, New York 11232.

## NATURE OF THE ACTION

9. This action arises from Defendant Northland's denial of coverage on a valid claim under an insurance policy in which Defendant Northland issued to Plaintiff and/or the contractor Defendants Patrick Scotto and PS Handyman, LLC performing renovations at Plaintiff's residence at 40 East 9th Street, Apt. 3F, New York, NY 10003.

2

10. On or about July of 2016, Plaintiff hired Defendants Patrick Scotto and PS Handyman, LLC to perform renovations at his residence that included replacing the flooring throughout the entire residence.

11. In the scope of work document created by Defendants Patrick Scotto and PS Handyman, LLC regarding the renovations to be performed at the 40 East 9th Street residence, the first itemized entry under the work to be performed in the "entire apartment" was "-new floor, includes new species of wood, custom stain and installation."

12. At the commencement of the renovation job, Defendant PS Handyman, LLC was insured by Northland Insurance Co. for the work that was being performed at Plaintiff's residence at 40 East 9th Street, Apt. 3F, New York, NY 10003.

13. It was a requirement from the building board of the 40 East 9th Street location that adequate insurance be in place for any renovation jobs being performed at Plaintiff's residence.

14. Defendants Patrick Scotto and PS Handyman, LLC began renovation at the 40 East 9th Street location but failed to complete the entire renovation job despite them having been paid to do so.

15. During the months of November and December of 2016, Plaintiff contacted Defendants Scotto and PS Handyman in an effort at getting them to complete the renovation job.

16. Defendants Scotto and PS Handyman responded to Plaintiff's communications but continued to provide unacceptable excuses on why the renovation job was not completed.

17. To date, Defendants Scotto and PS Handyman have not fulfilled their end of the renovations Agreement as the renovation job is still incomplete.

18. Plaintiff has been living in a hazardous apartment environment due to the demolition that occurred at the residence and Plaintiff has even had to stay in hotels and with family members as a result of Defednats Scotto and PS Handyman's failure to compete the job.

19. On or about January of 2017, Plaintiff noticed that the flooring installed by Defendants Scotto and PS Handyman began cracking throughout the entire apartment.

20. In January of 2017, Plaintiff contacted the claims department of Defendant PC Wood Floors and advised Eli D'Ancona of the condition of the flooring and informed him that the flooring was cracking throughout the entire apartment.

21. Defendant PC Wood Floors responded in a written communication and blamed the cracked floors on the RH temperature in the building and apartment that the floors were installed at.

22. Despite Defendant PC Wood Floors indicating that the cracks were the result of the humidity at the apartment, its claims department decided to file a claim on behalf of Plaintiff with the manufacture of the floors, which was Defendant J.T. Shannon Lumber Company d/b/a Shamrock Plank Flooring.

23. On February 2, 2017, Defendant J.T. Shannon Lumber Company d/b/a Shamrock Plank Flooring sent a letter to Defendant PC Hardwood Floors regarding their findings of the humidity level at the 40 East 9th Street residence. **(See Exhibit A).**

24. Defendants PC Wood Floors and J.T. Shannon Lumber company denied any liability for the cracks floors and neither of the aforementioned Defendants made any effort to replace the damaged and cracked floors at the 40 East 9th Street residence.

25. On or about March 29, 2017, Defendant filed a claim with Defendant Northland Insurance Company regarding the cracked and damaged floor.

25. On April 6, 2017, Plaintiff received a letter from Defendant Northland Insurance Company denying coverage for the floors under the insurance policy. **(See Exhibit B).**

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

26. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of this Complaint.

27. Defendants Scotto and PS Handyman breached the renovations agreement by failing to fully complete the renovation job at the 40 East 9th Street location.

28. Defendants PC Wood Floors and J.T. Shannon Lumber company breached its product warranty agreement by no replacing the defective flooring that was purchased from them.

29. Defendant Northland Insurance company breached its agreement under the insurance policy by denying coverage under the policy.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29 of this Complaint.

31. All of the Defendants have unjustly retained profits from the sale and purchase of flooring that was used in the renovation job at Plaintiff's residence.

32. All of the Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, complete the renovation job at Plaintiff's residence and that Plaintiff be provided with new flooring to replace the damaged and cracked flooring currently installed at his residence.

2. That Plaintiff be awarded damages in the amount of $250,000.00.

3. That Plaintiff be awarded the cost and disbursements of this action.

4. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: July 23, 2018
New York, New York

Respectfully submitted,
Sandy K. Lal – Pro Se

Sandy K. Lal
Pro Se Plaintiff
40 East 9th Street – Apt. #3F
New York, New York 10003
(212) 260-8880

**EXHIBIT A**



**SHAMROCK PLANK FLOORING**
**P. O. BOX 16929**
**MEMPHIS, TENNESSEE  38186**

February 2, 2017

Martin Mayer
P.C. Hardwood Floors
121 31st Street
Brooklyn, NY  11232

RE:    40 East 9th Street

Dear Mr. Mayer,

Shamrock Plank Flooring is in receipt of your email concerning our 5/8 x 5 White Oak, Select & Better, unfinished engineered flooring purchased in July 2016 under our invoice SF46595.

In reviewing the photographs and other information provided, we note proof of relative humidity readings at the property of 17% and 19%.  The industry standard, established by NWFA, requires a living environment that has an atmospheric humidity content between the 35-55% range, which is considered "normal living conditions".

Although engineered flooring is specifically engineered not to move, unlike solid flooring that does move, engineered flooring does require proper installation in an acceptable environment (temperature range of 60-80 degrees and a relative humidity level range of 35-55%) as well as ongoing care in a stable environment (temperature range of 60-80 degrees and a relative humidity level range of 35-55%).

A relative humidity of 17% is in our "guaranteed failure zone".  Our humidity zones can be found in our written warranty, available on our website, www.shamrockplankflooring.com, and a copy of which is attached hereto.

**EXHIBIT B**


**Northland**
INSURANCE

385 Washington Street
Mail Code 9275-SB03N
St. Paul, MN 55102

April 6, 2017

Sandy Lal
40 East 9th Street
New York, NY 10003

Re:
    Our Insured:    PS Handyman LLC
    Date of Loss:    November 1, 2016
    Claim Number:    23WS227476-01
    Claimant:    Sandy Lal

Dear Mr. Lal:

We have completed our investigation into the above captioned incident. We have determined there is no coverage for this matter under our policy. We have disclaimed coverage for this matter to PS Handyman. As such, we will be unable to issue any offers of settlement or any payments of any kind. We have advised him of our decision as well.

Please contact me at 1-800-328-5972 ext. 04560 with any questions.

Sincerely,

Lesa Stankey
Northfield Insurance Company
lstankey@northlandins.com