**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SANDY K. LAL,                                    :
                                                 :
                          Plaintiff,             :
                                                 :
          -against-                              :          MEMORANDUM DECISION
                                                 :              AND ORDER
NORTHLAND INSURANCE CO., et al.,                 :
                                                 :          18 Civ. 6640 (GBD) (KHP)
                          Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GEORGE B. DANIELS, United States District Judge:

   *Pro se* Plaintiff Sandy K. Lal commenced this action in July of 2018 to recover damages

arising from substandard renovations made in his apartment.  Plaintiff asserts state law breach of

contract and unjust enrichment claims against Defendants Northland Insurance Co., and J.T.

Shannon Lumber Company, Inc., a flooring provider.  Defendants have not been served and have

not appeared.

   Before this Court is Magistrate Judge Katharine H. Parker's March 19, 2020 Report and

Recommendation ("Report"), recommending that this Court dismiss Plaintiff's complaint for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Report, ECF No. 20, at

1.)  Magistrate Judge Parker advised the Plaintiff that failure to file timely objections to the Report

would constitute a waiver of those objections on appeal.  (*Id.* at 5.)  No objections have been filed.

   A court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate

judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*,

414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when

"upon review of the entire record, [the court is] 'left with the definite and firm conviction that a

mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Having reviewed the Report for clear error and finding none, this Court ADOPTS Magistrate Judge Parker's Report and Recommendation in full. As outlined in the Report, on March 12, 2019, Magistrate Judge Parker directed Plaintiff to file a declaration by no later than March 18, 2019 stating whether Plaintiff had served Defendants. (Report at 2.) Plaintiff failed to do so. On March 26, 2019, Magistrate Judge Parker directed the Clerk of the Court to issue new summonses and ordered Plaintiff to serve Defendants within 90 days of the issuance of the summonses. (*Id.*) Plaintiff was warned that if he did not do so within those 90 days, the Court could recommend dismissal of his claims. (*Id.*) The summonses were issued on March 27, 2019. Plaintiff failed to follow the Court's instruction and did not serve Defendants. (*Id.*) On June 25, 2019, Magistrate Judge Parker directed Plaintiff to file a declaration stating whether Plaintiff served Defendants and Plaintiff once again ignored the Court's order. (*Id.*) Additionally, Plaintiff failed to appear for conferences scheduled on July 11, 2019, October 29, 2019, and December 18, 2019. (*Id.*)

Plaintiff has been given multiple opportunities to be heard and has provided no explanation or excuse for his failure to comply with the orders of this Court. Plaintiff's complaint is dismissed for failure to prosecute pursuant to Rule 41(b). The Clerk of the Court is directed to close the case.

Dated: New York, New York
     April 21, 2021

SO ORDERED.

*Georg B. Daniels*

GEORGE B. DANIELS
United States District Judge

2